UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. WOOD, | No.  2:22-cv-0445 TLN AC |
| Plaintiff, | |
| v. | ORDER and |
| REDDING POLICE DEPARTMENT, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, a county inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 6.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.    Complaint

Plaintiff sues the Redding Police Department, several individual officers and dispatchers, and the Shasta County District Attorney's office for false arrest, discriminatory prosecution brought in bad faith, and personal property damage/theft. ECF No. 1 at 1-13. Plaintiff alleges that on December 23, 2021, Officer Nicole Rempfer responded to a 911 call of an assault on a pregnant female, Natalie Zaharris, by plaintiff. ECF No. 1 at 5. Plaintiff alleges officer Rempfer was told that plaintiff hit Zaharris, who was pregnant, in the abdomen with a golf club causing her to hemorrhage and possibly miscarry. Id. Officer Rempfer wrote in her report that she verified bleeding but did not report that she asked Zaharris to lift her shirt, and did not report any marks or welts, and did not call an EMT for Zaharris. Id. The responding officers found no golf club or gun, but they did not photograph the lack of evidence or confront the victim regarding the lack of evidence. Id.

Plaintiff, who was on parole at the time of the incident, was placed on a parole hold and the officers searched for plaintiff. Id. at 6. Officer Rempfer went to plaintiff's neighbor's house to look for plaintiff without permission and searched his neighbor's phone without permission. Id. Plaintiff's neighbor told police that plaintiff had left his home two and a half hours ago. Id.

3

1    Plaintiff's neighbor told Officer Rempfer and three other officers that over two hours earlier
2    Zaharris was screaming, and plaintiff had assaulted her and stolen her dog and her phone.  Id. at
3    7.  The neighbor stated that plaintiff had used her phone earlier to call his brother, 10-15 minutes
4    after the alleged incident occurred.  Plaintiff states that if the officers had taken the time to look at
5    the time stamp on the call to plaintiff's brother from the neighbor's phone, they would have
6    known the report was false and confronted Zaharris.  Id.  Plaintiff further alleges that at a
7    preliminary hearing on January 27, 2022, Officer Rempfer recanted the statement that she
8    checked Zaharris's bleeding and stated she only asked Zaharris if she knew the meaning of the
9    word "hemorrhage."  Id.

10          Plaintiff alleges that since the December 23, 2021 incident, the Shasta County District
11   Attorney has been prosecuting him in bad faith.  Id. at 9.  Plaintiff alleges there is not enough
12   evidence for a conviction, and notes Zaharris herself now has multiple warrants for her arrest.  Id.
13   Plaintiff notes that in November of 2021 someone named Christopher Tolvarez confronted him
14   with a knife, though he had no prior knowledge of Mr. Tolvarez.  Id.  On the day he was
15   confronted, Mr. Tolvarez was apparently high, drunk, or mentally ill and was screaming
16   incoherently with a knife, getting close to plaintiff and his dog.  Id.  Plaintiff punched him and
17   disarmed him.  Id.  When Mr. Tolvarez ran away, he encountered Ms. Zaharis and Nick Connell,
18   who lived with plaintiff.  Mr. Connell unwittingly gave Tolvarez plaintiff's name and house
19   location.  Id.  Shortly after, Tolvarez broke into plaintiff's house and threatened plaintiff and
20   Zaharris with a knife.  Id.  It took over an hour before law enforcement took Tolvarez into
21   custody.  Id.  Tolvarez was not properly prosecuted, yet now the people victimized by Tolvarez
22   are being used as witnesses against plaintiff.  Id.

23          Plaintiff alleges that after he was arrested on December 23, 2021 at his brother's house,
24   Officer Rempfer took him back to his residence, his mother's house, where Zaharris remained.
25   Id. at 13.  Officer Rempfer asked if there was a rental agreement between plaintiff and Zaharris
26   and plaintiff said there was not, but Officer Rempfer allowed Zaharris and unknown others to
27   stay.  Plaintiff alleges that Zaharris and others did $30-50,000 worth of property damage to his
28   mother's house and caused plaintiff to get evicted.  Id.

As to relief, plaintiff asserts that the ongoing state criminal proceedings against him have "no valid chance to achieve conviction" and asks that this court provide "injunctive relief – to stop the current state prosecution of criminal proceedings, made by a person of serious moral turpitude problems and one police officer who acted as the primary actor employed by a municipality . . ." ECF No. 1 at 16.  Plaintiff states that he faces immediate danger of irreparable harm if the criminal proceedings are permitted to go forward.  Id.  Plaintiff also seeks 50 million dollars in punitive and compensatory damages.  Id. at 15.

IV.   Younger Abstention Prevents the Court from Hearing this Case

The court cannot hear this case because federal courts are from interfering in most ongoing state court cases.  See Younger v. Harris, 401 U.S. 37, 43–54 (1971) (holding that federal courts cannot enjoin pending state criminal proceedings).  Younger abstention applies to the following "three exceptional categories" of cases identified in New Orleans Public Service, Inc. v. Council of New Orleans (NOPSI), 491 U.S. 350, 367-68 (1989): "(1) 'parallel, pending state criminal proceedings,' (2) 'state civil proceedings that are akin to criminal prosecutions,' and (3) state civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) (quoting Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 81 (2013)). "The Ninth Circuit also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." Id. (quoting AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007)). "Each element must be satisfied, and the date for determining whether Younger applies is the date the federal action is filed." Id. (internal citations omitted).

Each element is clearly satisfied in this case.  First, per plaintiff's own allegations, parallel state criminal proceedings on charges that form the basis of plaintiff's false arrest and malicious prosecution claims are ongoing.  Second, the pending state action necessarily implicates the important state interest of determining whether plaintiff is guilty of the violation of state criminal laws.  Third, no reason exists that would bar the state court from addressing plaintiff's unlawful arrest or malicious prosecution claim.  And finally, plaintiff seeks relief including an injunction

5

against the ongoing state court proceedings, which is directly prohibited by Younger. Accordingly, the court finds that Younger abstention applies and this court is therefore divested of jurisdiction to hear any part of this action. Columbia Basin Apartment Ass'n, 268 F.3d at 79 9. For these reasons, the undersigned recommends the complaint be dismissed.

Because there is no viable federal claim, plaintiff's state claim of property damage/theft must also be dismissed; it does not provide an independent basis for jurisdiction. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). In the absence of a cognizable federal claim, this court should not exercise supplemental jurisdiction over plaintiff's putative state law claim. Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims upon dismissal of all claims over which it has original jurisdiction).

V. Leave to Amend

For the above reasons, this court finds that the allegations of plaintiff's complaint fail to establish federal subject matter jurisdiction, and that these deficiencies cannot be cured by amendment. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. However, the undersigned is recommending that your case be dismissed because the federal court does not have jurisdiction to hear your claims. You cannot sue in federal court to stop a criminal prosecution in state court, or to get damages for things directly related to an ongoing prosecution.

VII. Conclusion

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

1  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
2  Sheriff of Shasta County filed concurrently herewith.
3        IT IS FURTHER RECOMMENDED that this case be dismissed without leave to amend.
4        These findings and recommendations are submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
6  after being served with these findings and recommendations, plaintiff may file written objections
7  with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings
8  and Recommendations."  Plaintiff is advised that failure to file objections within the specified
9  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
10 (9th Cir. 1991).
11 DATED: May 10, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE